**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| DENNIE HENRY, *et al.*, | : | CASE NO. 1:13-cv-00419 |
| | : | |
| Plaintiffs, | : | JUDGE BECKWITH |
| | : | |
| v. | : | **ANSWER OF DEFENDANT CITY** |
| | : | **OF MIDDLETOWN TO** |
| CITY OF MIDDLETOWN, | : | **PLAINTIFFS' COMPLAINT** |
| | : | |
| Defendant. | : | |

Now comes Defendant City of Middletown, Ohio ("Middletown"), by and through counsel, and for its Answer to Plaintiffs Dennie Henry's ("Henry"), Brian Baker's ("Baker"), and Ira Hardy's ("Hardy") (collectively "Plaintiffs") Complaint, states as follows:

### COMPLAINT

Middletown admits that this Court has jurisdiction over Plaintiffs' federal claims. Further answering, Middletown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this section of Plaintiffs' Complaint, and therefore denies the same.

### PARTIES

1. Middletown is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiffs' Complaint, and therefore denies the same.

2. Middletown is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of Plaintiffs' Complaint, and therefore denies the same.

3. Middletown is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of Plaintiffs' Complaint, and therefore denies the same.

4. Middletown admits the allegations set forth in Paragraph 4 of Plaintiffs' Complaint.

5. Middletown is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiffs' Complaint, and therefore denies the same.

## FACTS AS TO PLAINTIFF HENRY[1]

7. Middletown admits the allegations set forth in Paragraph 7 of Plaintiffs' Complaint.

8. Middletown admits the allegations set forth in Paragraph 8 of Plaintiffs' Complaint to the extent that Henry's ownership was subject to the security interest of another.

9. Middletown admits that it impounded Henry's vehicle after Henry's July 20, 2011, arrest. Further answering, Middletown denies the remaining allegations set forth in Paragraph 9 of Plaintiffs' Complaint to the extent they allege wrongdoing by Middletown.

10. Middletown admits the allegations set forth in the first sentence of Paragraph 10 of Plaintiffs' Complaint. Further answering, Middletown denies the remaining allegations set forth in Paragraph 10 of Plaintiffs' Complaint to the extent they allege wrongdoing by Middletown.

---

[1] Plaintiffs' Complaint skips from Paragraph 5 to Paragraph 7.

11. Middletown denies that Henry was incarcerated in the City Jail until August 5, 2011. Further answering, Middletown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 of Plaintiffs' Complaint, and therefore denies the same.

12. Middletown is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of Plaintiffs' Complaint, and therefore denies the same.

13. Middletown is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of Plaintiffs' Complaint, and therefore denies the same.

14. Middletown is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of Plaintiffs' Complaint, and therefore denies the same.

15. Middletown is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and third sentences of Paragraph 15 of Plaintiffs' Complaint, and therefore denies the same. Further answering, Middletown admits that Henry's vehicle was impounded and that title was transferred to Mark's Towing on August 23, 2011.

16. Middletown denies the allegations set forth in the first sentence of Paragraph 16 of Plaintiffs' Complaint. Further answering, Middletown is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16 of Plaintiffs' Complaint, and therefore denies the same.

17. Middletown denies the allegations set forth in Paragraph 17 of Plaintiffs' Complaint to the extent they imply wrongdoing by Middletown.

18. Middletown denies the allegations set forth in Paragraph 18 of Plaintiffs' Complaint to the extent they imply wrongdoing by Middletown.

## FACTS AS TO PLAINTIFF BAKER

19. Middletown admits the allegations set forth in Paragraph 19 of Plaintiffs' Complaint.

20. Middletown admits that it impounded Baker's vehicle after Baker's November 1, 2011, arrest. Further answering, Middletown denies the remaining allegations set forth in Paragraph 20 of Plaintiffs' Complaint to the extent they allege wrongdoing by Middletown.

21. Middletown admits the allegations set forth in Paragraph 21 of Plaintiffs' Complaint.

22. Middletown is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of Plaintiffs' Complaint, and therefore denies the same.

23. Middletown is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of Plaintiffs' Complaint, and therefore denies the same.

24. Middletown admits that Baker's vehicle was auctioned for $626.00 on February 22, 2012. Further answering, Middletown denies the remaining allegations set forth in Paragraph 24 of Plaintiffs' Complaint to the extent they imply wrongdoing by Middletown.

25. Middletown denies the allegations set forth in Paragraph 25 of Plaintiffs' Complaint.

26. Middletown denies the allegations set forth in Paragraph 26 of Plaintiffs' Complaint to the extent they imply wrongdoing by Middletown.

**FACTS AS TO PLAINTIFF HARDY**

27. Middletown admits the allegations set forth in Paragraph 27 of Plaintiffs' Complaint.

28. Middletown admits that it impounded Hardy's vehicle after Hardy's March 27, 2012, arrest. Further answering, Middletown denies the remaining allegations set forth in Paragraph 28 of Plaintiffs' Complaint to the extent they allege wrongdoing by Middletown.

29. Middletown admits the allegations set forth in Paragraph 29 of Plaintiffs' Complaint.

30. Middletown is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of Plaintiffs' Complaint, and therefore denies the same.

31. Middletown denies the allegations set forth in Paragraph 31 of Plaintiffs' Complaint.

32. Middletown is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of Plaintiffs' Complaint, and therefore denies the same.

**COUNT ONE**
DUE PROCESS claim

33. All allegations incorporated by reference in Paragraph 33 of Plaintiffs' Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

34. Middletown denies the allegations set forth in Paragraph 34 of Plaintiffs' Complaint.

## COUNT TWO
### ACCESS TO COURTS claim

35. All allegations incorporated by reference in Paragraph 35 of Plaintiffs' Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

36. Middletown denies the allegations set forth in Paragraph 36 of Plaintiffs' Complaint.

## COUNT THREE
### PRIVATE TAKING claim

37. All allegations incorporated by reference in Paragraph 37 of Plaintiffs' Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

38. Middletown denies the allegations set forth in Paragraph 38 of Plaintiffs' Complaint.

## COUNT FOUR
### DELIBERATE INDIFFERENCE TO TRAINING claim

39. All allegations incorporated by reference in Paragraph 39 of Plaintiffs' Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

40. Middletown denies the allegations set forth in Paragraph 40 of Plaintiffs' Complaint.

41. Middletown denies the allegations set forth in Paragraph 41 of Plaintiffs' Complaint.

42. Middletown denies the allegations set forth in Paragraph 42 of Plaintiffs' Complaint.

43. Middletown specifically denies all other allegations set forth in Plaintiffs' Complaint that are not otherwise specifically admitted or denied.

### **AFFIRMATIVE DEFENSES**

1. Middletown affirmatively alleges, in the alternative, that Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Middletown affirmatively alleges, in the alternative, that this Court may lack jurisdiction over subject matter set forth in Plaintiffs' Complaint.

3. Middletown affirmatively alleges, in the alternative, that Plaintiffs' Complaint may be barred due to insufficiency of process and/or insufficiency of service of process.

4. Middletown affirmatively alleges, in the alternative, that Plaintiffs have failed to join all parties proper, necessary, and indispensable for a just adjudication of the captioned matter.

5. Middletown affirmatively alleges, in the alternative, that some or all of Plaintiffs' claims may be barred by the equitable doctrine(s) of laches, waiver, unclean hands, and/or estoppel.

6. Middletown affirmatively alleges, in the alternative, that Plaintiffs have suffered no compensable damages as a result of the actions of Middletown.

7. Middletown affirmatively alleges, in the alternative, that Plaintiffs have failed to mitigate their damages, if any.

8. Middletown affirmatively alleges, in the alternative, that if Plaintiffs were injured or damaged, any and all such injury or damage was caused by the sole actions of Plaintiffs.

9. Middletown affirmatively alleges, in the alternative, that if Plaintiffs were injured or damaged, any and all such injury or damage was caused solely by the acts and/or omissions of persons and/or entities other than Middletown, and whose conduct Middletown had no control, right to control, responsibility, or reason to anticipate.

10. Middletown affirmatively alleges, in the alternative, that Plaintiffs' damages, if any, may be subject to setoff.

11. Middletown affirmatively alleges, in the alternative, that any damages awarded in this case may be subject to limitation and/or reduction pursuant to R.C. § 2744.05.

12. Middletown affirmatively alleges, in the alternative, that, at all times, Middletown acted in accordance with the Constitution of the United States, the Constitution of the State of Ohio, all Ohio statutory provisions, and all state and local laws relative thereto.

13. Middletown affirmatively alleges, in the alternative, that if Middletown performed any wrongful acts, which is specifically denied, such acts were not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully or wantonly.

14. Middletown affirmatively alleges, in the alternative, that Plaintiffs' claims may be precluded by virtue of the absolute and/or qualified immunity granted to Middletown by law, including but not limited to good faith immunity and the immunity provided by R.C. §§ 2744.01, *et seq.*, and all other applicable statutory immunity.

15. Middletown affirmatively alleges, in the alternative, that all actions taken by Middletown were in compliance with all laws, were privileged, and absolutely privileged.

16. Middletown affirmatively alleges, in the alternative, that some or all of Plaintiffs' claims may be barred by the doctrine of sovereign immunity.

17. Middletown respectfully reserves the right to assert any additional affirmative defenses that may be revealed during the course of discovery.

WHEREFORE, Middletown requests that this Court dismiss Plaintiffs' Complaint with an Order that Middletown's attorneys' fees and costs be paid as provided under applicable law.

> Respectfully submitted,
>
> SURDYK, DOWD & TURNER, CO., L.P.A.
>
> */s/David B. Shaver*
> Jeffrey C. Turner (0063154)
> David B. Shaver (0085101)
> One Prestige Place, Suite 700
> Miamisburg, OH 45342
> (937) 222-2333
> (937) 222-1970 (fax)
> jturner@sdtlawyers.com
> dshaver@sdtlawyers.com
> *Counsel for Middletown*

## CERTIFICATE OF SERVICE

The undersigned hereby declares that a copy of the foregoing Answer, together with this Certificate of Service, was served via Electronic Filing upon counsel of record for Plaintiff addressed as follows:

> Christopher J. Pagan, Esq.
> REPPER, PAGAN & COOK, LTD.
> 1501 First Avenue
> Middletown, OH 45044
> (513) 424-1823
> (513) 424-3135 (fax)
> *Counsel for Plaintiffs*

> */s/David B. Shaver*
> David B. Shaver (0085101)